UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $42,323.00 IN U.S. CURRENCY, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01410-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE BE GRANTED<br><br>ORDER ASSIGNING A DISTRICT JUDGE<br><br>(ECF No. 18)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff United States of America ("Plaintiff") filed an *in rem* forfeiture action against approximately $42,323.00 in U.S. Currency pursuant to 21 U.S.C. § 881(a)(6), on grounds that the currency is a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.* (ECF No. 1.). Plaintiff also names as Defendants, Brian Gregory Brightman and Raymond Fitzgerald Cash, Jr. (ECF No. 1).

On April 24, 2025, Plaintiff filed a motion for default judgment and against two individuals with potential property interests in the currency—Brian Gregory Brightman and Raymond Fitzgerald Cash—and for a final judgment of forfeiture vesting in the United States all

1

right, title, and interest in the defendant currency. (ECF No. 18.). There has been no response to the motion or the underlying complaint.

The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the reasons given below, the Court will recommend that Plaintiff's motion for default judgment and for final judgment of forfeiture be granted.

## I. BACKGROUND

### A. Factual Allegations

On November 15, 2024, Plaintiff filed this *in rem* civil forfeiture action against the subject currency pursuant to 21 U.S.C. § 881(a)(6) as "moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*" (ECF No. 1). The following factual recitation comes from Plaintiff's Verified Complaint for Forfeiture *in Rem* (ECF No. 1).

Plaintiff alleges that in January 2023, law enforcement officers were investigating a series of cross-country narcotics purchases and learned that Brightman and Cash were traveling to complete two drug transactions. (*Id.* at 2). On January 3, 2023, after Brightman failed to stop at a traffic stop, law enforcement pursued him until the pursuit became too dangerous. (*Id.*). Soon thereafter, the Brightman and Cash were involved in a car accident. (*Id.*). At the scene, law enforcement observed dollar bills spread about the car's interior and on the nearby sidewalk. (*Id.*).

As a result, law enforcement seized approximately $42,323.00 of U.S. Currency ("The Currency"). (*Id.* at 2). Law enforcement researched wage and employment history for Brightman and Cash, finding that "Brightman had $30,850 in reportable wages in 2022" and "[t]he FDR [Florida Department of Revenue] could not locate any wage information for Cash." (*Id.* at 3).

As relief, Plaintiff seeks (1) process issue according to the procedures of this Court in cases of actions *in rem;* (2) any person having an interest in said defendant currency be given notice to file a claim and to answer the complaint; (3) the Court enter a judgment of forfeiture of the defendant currency to the United States; and (4) the Court grant such other relief as may be proper. (*Id.*).

**B. Procedural History**

On December 26, 2024, the Clerk issued an arrest warrant *in rem*. (ECF No. 6.). The warrant was executed on January 7, 2025. (ECF No. 8 at 1).

That same day, Plaintiff also directed the U.S. Marshal to personally serve both Brightman and Cash with copies of the complaint, application for publication, order for publication, order directing clerk to issue a warrant to arrest, order setting mandatory scheduling conference, the initial scheduling order for this case, the magistrate consent form, the notice of availability of voluntary dispute resolution, and notice of forfeiture action. (ECF No. 18-1 at 13, 23).

To date, neither Brightman or Cash has filed an answer or claim in response to the *in rem* civil forfeiture action.

Beginning on December 10, 2024, Plaintiff posted notice of the forfeiture on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days. (ECF No. 18-1 at 2).

Having received no answer or response to the *in rem* civil forfeiture action, Plaintiff filed a request for entry of default as to Brian Gregory Brightman and Raymond Fitzgerald Cash, Jr. (ECF No. 13). The Clerk of Court issued an entry of default as to both Brian Gregory Brightman and Raymond Fitzgerald Cash, Jr., on March 24, 2025. (ECF Nos. 14, 15).

**C. Motion for Default Judgment and Final Judgment of Forfeiture**

On April 24, 2025, Plaintiff filed a motion for a default judgment and final judgment of forfeiture. (ECF No. 18). The motion attaches a signed declaration by Elisa Rodriguez, paralegal for the DOJ, who attests that the information regarding service is true. (ECF No. 18-1 at 1-3). The motion also attaches copies of the December 31, 2024, notice of forfeiture action that was mailed to Brightman and Cash and receipts for service of process for both Brightman and Cash. (*Id.* at 5, 13, 15, ECF No. 18-2 at 1).

Within the motion, Plaintiff argues that it is entitled to default judgment and final judgment in this case because it has complied with all procedural requirements. (ECF No. 18 at 5). Specifically, Plaintiff states that it has met the requirements of this District's Local Rule 540 for Defaults in *In Rem* Actions, published proper notice for a forfeiture action, and served

3

Defendants. (*Id.* at 5-6). Plaintiff states that the time for filing a claim and answer has expired. (*Id.* at 7).

Plaintiff argues that forfeiture is warranted by the verified facts presented in the complaint and the satisfaction of the *Eitel* factors. Plaintiff also states that "in addition to seeking a default judgment against the interests of Brightman and Cash, the government seeks a binding judgment against the interests of the entire world, *i.e.*, a Final Judgment of Forfeiture that vests in the United States all right, title, and interest in the defendant currency." (*Id.* at 12).

No opposition or response to the motion was filed.

## II.   LEGAL STANDARDS

### A. Civil Forfeiture

21 U.S.C. § 881(a)(6) provides for the forfeiture of "[a]ll moneys...intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter . . ." Section 981(b)(2)(A), in turn, permits a seizure without a warrant if "a complaint for forfeiture has been filed in the United States district court and the court has issued an arrest warrant *in rem* pursuant to the Supplemental Rules of Certain Admiralty and Maritime Claims."

"[F]orfeitures should be enforced only when within both letter and spirit of the law," *United States v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999) (quotation omitted), and "forfeiture statutes are strictly construed against the government." *$191,910.00 in U.S. Currency*, 16 F.3d at 1068 (citation omitted). Accordingly, "strict adherence to procedural rules is paramount in civil forfeiture proceedings." *United States v. Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, 2010 WL 2695637 at *1 (D. Nev. July 2, 2010) (citations omitted).

Procedurally, an *in rem* civil forfeiture must comply with the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (sometimes referred to herein as "Supplemental Rule(s)"). Fed R. Civ. P. Supp.[1] On September 1, 2006, Supplemental Rule G was adopted to govern civil forfeiture actions *in rem*. *See U.S. v. $50,040 in U.S. Currency*, 2007 WL 1176631, at *2 (N.D. Cal. Apr. 20, 2007).

---

[1] The Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions can be found under Title XIII of the Federal Rules for Civil Procedure. Fed R. Civ. P. Supp.

4

Pursuant to the Supplemental Rules, the United States initiates forfeiture proceedings by filing a complaint. Fed. R. Civ. P. Supp. C(2); Fed. R. Civ. P. Supp. G(2). The complaint must be verified and describe the property at issue with reasonable particularity. Supplemental Rule G(2) also requires that the complaint include sufficient factual allegations to support a "reasonable belief" the United States will be able to meet its burden at trial. Fed. R. Civ. P. Supp. G(2)(f).

Then, if the property is located in the United States, the Plaintiff must publish notice of the forfeiture action in either a newspaper of general circulation in the district (Fed. R. Civ. P. Supp. C(4); Fed. R. Civ. P. Supp. G(4)(a)(iv)(A)) or by posting a notice on the government forfeiture website for thirty consecutive days. Fed. R. Civ. P. Supp. G(4)(a)(iv)(C). This notice must include the time for filing a claim. Fed. R. Civ. Supp. P. G(4)(b)(ii)(B).

Under Supplemental Rule G(b), "[t]he notice must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(iii)(A)). More specifically, Supplemental Rule G(4)(b) provides that the notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and the answer." Fed. R. Civ. P. Supp. G(4)(b)(ii)

However, although the notice must be sent by a means that is reasonably calculated to reach the defendant, there is no requirement under the Federal Rules of Civil Procedure or the United States Constitution that a potential claimant *actually* receive notice of the forfeiture action. *See United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that a potential claimant in a civil forfeiture proceeding is not entitled to actual notice of forfeiture proceeding).

Finally, in addition to satisfying the requirements set forth in the supplemental rules, to obtain a default judgment in a civil forfeiture proceeding, the plaintiff must comply with Eastern District of California Local Rule 540, which provides as follows:

> (a) Notice Required. A party seeking a default judgment in an action *in rem* shall show to the satisfaction of the Court that due notice of the action and arrest of the property has

been given:

 (1) By publication, see L.R. 530;

 (2) By personal service on the person having custody of the property;

 (3) If the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and

 (4) By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

E.D.C.A. Local Rule 540.

**B.  Default Judgment**

Federal Rule of Civil Procedure 55 permits the Court to enter a default judgment following entry of default by the clerk when a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the Court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:

 (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

6

### III. ANALYSIS

#### A. Plaintiff has Satisfied the Procedural Requirements for an *In Rem* Civil Forfeiture

##### 1. *Sufficiency of Complaint*

Pursuant to the Supplemental Rules, Plaintiff must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that Plaintiff will be able to meet its burden at trial. Supp. R. G(2). Plaintiff's Complaint in this matter complies with those requirements: it states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the items seized and the circumstances surrounding the seizure, and identifies the relevant statutes.

Further, the uncontroverted facts provide a sufficient nexus between the subject currency and violations related to controlled substances or listed chemicals to support forfeiture. The verified complaint states that among Brightman and Cash's possessions, law enforcement uncovered receipts for recently mailed FedEx packages. (ECF No. 1 at 3). When law enforcement intercepted those packages, they uncovered a total of 14.43 kilograms of marijuana. (*Id.*). Additionally, according to the complaint, "Brightman told law enforcement he worked as a commercial truck driver making as much as $10,000 weekly. However, when asked, Brightman could not identify his commercial driver's license information or number and acknowledged not filing a tax return since 2021." (*Id.*). Additionally, "[w]hen arriving at the hospital, Brightman had $2,284 in cash in his pocket, 17.69 grams of marijuana, and a handful of prescription pills." (*Id.*).

In the motion, Plaintiff asserts that "the uncontested facts are of a drug trafficking conspiracy in which Cash and Brightman were on their way to the Dinuba area to conduct an exchange of cash for drugs." (ECF No. 18 at 9). The Court agrees. Taken together, these facts support a nexus between the subject currency and violations related to controlled substances.

##### 2. *Notice By Publication*

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Supplemental Rule G(4)(a)(iv)(C) provides that in lieu of

7

newspaper publication, the Government may publish a notice by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days."

Here, publication occurred on the official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days beginning on December 10, 2024. (ECF No. 18 at 4). A copy of the notice was attached to the declaration of publication, and it describes the property with reasonable particularity. (*Id.* at 7, ECF No. 18-1.) The notice clearly sets forth the time limits for filing a claim and an answer or motion. (*Id.*). The notice also provides the contact information for an attorney to be served with any claim or time limitation issues. (*Id.*). Thus, the Supplemental Rule's notice content requirements have been satisfied. And because the notice was published for thirty consecutive days beginning December 10, 2024, on the forfeiture website, the frequency component of the notice requirement is also satisfied.

### 3. Personal Notice

When the Government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated." *Real Property*, 135 F.3d at 1315. In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 16, 168 (2002); *see also* Fed. R. Civ. P. Supp. R. G(4)(b). "Reasonable notice, however, requires only that the [G]overnment attempt to provide actual notice; it does not require that the [G]overnment demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005); *see also Real Property*, 135 F.3d at 1315 ("In view of the Government's efforts to notify [claimant], we reject [claimant's] claim that due process requires that he received actual notice of the forfeiture proceedings.").

Supplemental Rule G(4)(b)(iii)(A) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture.

Here, Plaintiff submits the declaration of Elisa Rodriguez, attesting that Plaintiff undertook reasonable measures to ensure that those with a potential interest in the subject

8

currency—Brightman and Cash—received actual notice of this forfeiture proceeding. As for Brightman, Plaintiff sent notice to Brian Gregory Brightman via first class and certified mail at 1 Sherriff's Office Drive, MacClenny, FL, 32063—Brightman's place of incarceration. (ECF No. 18-1 at 7). Then, on January 7, 2025, the U.S. Marshal personally served Brian Gregory Brightman with copies of the complaint, application for publication, order for publication, order directing clerk to issue a warrant to arrest, order setting mandatory scheduling conference, the initial scheduling order for this case, the magistrate consent form, the notice of availability of voluntary dispute resolution, and notice of forfeiture action. (ECF No. 18-1 at 13).

Similarly, for Cash, Plaintiff mailed notice of forfeiture to the 1 Sherriff's Office Drive, MacClenny Fl. 32063. (ECF 18-1 at 15). The notice was sent by first class and certified mail. The certified package was returned unclaimed. Then, on January 7, 2025, the U.S. Marshal personally served Raymond Fitzgerald Cash Jr., with copies of the complaint, application for publication, order for publication, order directing clerk to issue a warrant to arrest, order setting mandatory scheduling conference, the initial scheduling order for this case, the magistrate consent form, the notice of availability of voluntary dispute resolution, and notice of forfeiture action. (ECF No. 18-1 at 23). Accordingly, the Court finds that Plaintiff attempted to provide Cash with actual notice by means reasonably calculated under all the circumstances to apprise him of the pendency of this action, thus satisfying the Due Process Clause, the Supplemental Rules, and Local Rule 540.

Accordingly, Plaintiff has satisfied the requirement of providing for notice to be sent by means reasonably calculated to reach the potential claimant.

*4. The Time to File a Claim or Answer*

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a forfeiture action must file a claim with the Court within 35 days after service of the Government's notice or 60 days after the first day of publication on an official internet government forfeiture site. *See* Supp. R. G(4)(b)(ii)(B) & G(5)(a)(ii)(B). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317.

Here, more than 60 days have passed since the first date of publication, and more than 35

days have passed since the date that the known potential claimants were provided with notice of the Plaintiff's complaint for default judgment and civil forfeiture. No attempts to claim the property have been made, and default has been properly entered against all known potential claimants. (ECF Nos. 14, 15.)

   *5. Conclusion*

Plaintiff has met the procedural requirements applicable to civil forfeiture *in rem* actions as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules for the Eastern District of California. This favors the entry of default judgment and the issuance of a final judgment in forfeiture to vest in Plaintiff all right, title, and interest in the defendant property.

**B. The *Eitel* Factors Support Default Judgment**

Having determined that Plaintiff complied with the procedural prerequisites for a civil forfeiture *in rem*, the Court now turns to whether a default judgment is appropriate. Plaintiff seeks judgment against the interests of Brian Gregory Brightman and Raymond Fitzgerald Cash, Jr., and also requests that the Court enter a Final Judgment of Forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the defendant currency to Plaintiff to be disposed of according to law. (ECF No. 18 at 12).

When considering whether to enter default judgment under Fed. R. Civ. P. 55,[2] courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The *Eitel* factors favor a default judgment here. First, Plaintiff would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which no claim for the property has been made. Second, Plaintiff's claims appear to have merit. Third, as discussed above, Plaintiff has adhered to the procedural requirements of a forfeiture action, including the

---

[2] The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*. However, Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent they are inconsistent with these Supplemental Rules."

10

filing of a sufficient complaint. Fourth, the sum of money in dispute here is not substantial enough to warrant the denial of Plaintiff's motion. Fifth, there are no genuine disputes as to any material fact. Sixth, it does not appear that the failure of any claimant is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, as here, where no claims for the property have been made.

Accordingly, there is no impediment to the default judgment sought by Plaintiff and the Court will recommend that the motion be granted.

## IV.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth herein, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against the interests of Brian Gregory Brightman and Raymond Fitzgerald Cash, Jr., be granted and a default judgment against Brian Gregory Brightman and Raymond Fitzgerald Cash, Jr., be entered. (ECF No. 18);

2. Plaintiff's motion for an entry of final judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(6) be granted;

3. The Court enter a Final Judgment of Forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the Defendant Currency to the United States; and

4. The Clerk of Court be instructed to close this case.

Additionally, the Clerk of Court is DIRECTED to assign a district judge to this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 5, 2025**             /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE